**UNITED STATES, Appellee,**

v.

**Timothy Lee VEILLEUX,
Defendant, Appellant.**

**No. 91–1215.**

United States Court of Appeals,
First Circuit.

Heard Sept. 13, 1991.
Decided Nov. 20, 1991.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief, for appellee.

Before BREYER, Chief Judge,
BOWNES, Senior Circuit Judge, and
LOUGHLIN,* Senior District Judge.

LOUGHLIN, Senior District Judge.

This is an appeal from sentence enhancement under §§ 3B1.1(c) and 3C1.1 of the Federal Sentencing Guidelines.

### Background

Appellant Timothy Veilleux was found guilty in the United States District Court for the District of Maine of conspiracy to possess with intent to distribute, and to distribute, in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and with possession with intent to distribute approximately ten ounces of cocaine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. A jury trial commenced on October 3, 1990 and concluded on October 10, 1990.

The presentence report determined that Veilleux was responsible for 3.95 kilograms of cocaine, resulting in a base offense level of thirty (30). The report, finding that Veilleux had recruited and directed the activities of five other persons, concluded that he was the leader and organizer of the conspiracy. Accordingly, the probation officer who prepared the report raised the offense level four levels, to thirty-four (34), pursuant to U.S.S.G. § 3B1.1(a). A further upward adjustment of two levels was imposed under U.S.S.G. § 3C1.1 because Veilleux had threatened or tampered with three of the Government's witnesses.

Veilleux, through counsel, objected to certain factual and legal issues contained in the report: the probation officer's computation of the amount of cocaine involved in the offense, the conclusion that Veilleux was the leader and organizer of at least five others in the conspiracy, and the determination that Veilleux obstructed justice by threatening or tampering with prosecution witnesses. The defendant requested a

James Michael Merberg, Boston, Mass., for defendant-appellant.

_____

* Of the District of New Hampshire, sitting by designation.

hearing to resolve those issues and to produce certain witnesses—among them, Peter Drown and Rodney Maxim—for testimonial purposes.

A sentencing hearing was held on February 19, 1991. Prior to taking evidence, the district court found that the total amount of cocaine involved in the offense was actually 2.45 kilograms, not 3.95 as established in the presentence report. The court's computation reduced Veilleux's base offense level from thirty (30) to twenty-eight (28).

After listening to the testimony of the witnesses at this hearing, the district court judge concluded that Veilleux's offense level should be increased for obstruction of justice pursuant to Sentencing 3C1.1. This raised the defendant's offense level from twenty-eight (28) to thirty (30).

The judge also concluded that the defendant's offense level should be enhanced two levels for his leadership role in the offense, as mandated by Sentencing Guideline 3B1.1(c). The district court differed with the finding in the presentence report that Veilleux organized extensive criminal activity involving five or more participants, and made an upward adjustment of only two levels rather than four levels (as is required by 3B1.1(a)), from thirty (30) to thirty-two (32).

Granting a downward adjustment of two levels for acceptance of responsibility, the judge found a total offense level of thirty (30). Applying a criminal history category of I, the court calculated a sentencing range of 97 to 121 months imprisonment. The district court judge imposed a sentence of 100 months in prison, a fine of $15,000 and a four-year term of supervised release.

*Discussion*

Veilleux concedes that this court must follow the clear error standard in reviewing the district court's determination of his role in the offense.

The statute governing review of sentence is explicit in this regard:

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e).

■ In order to increase the base offense level under U.S.S.G. § 3B1.1(c), the trial court must apply a two-part analysis. First, it must make a factual finding that there were at least two participants in the criminal enterprise. Second, the evidence must show "[t]hat the defendant exercised control over, or was otherwise responsible for organizing the activities of, at least one other individual in committing the crime." *United States v. Akitoye*, 923 F.2d 221, 227 (1st Cir.1991) (citing *United States v. Fuller*, 897 F.2d 1217, 1220 (1st Cir.1990)). *See also United States v. William M. Carroll*, 893 F.2d 1502 (6th Cir.1990) ("[W]e hold that enhancement pursuant to § 3B1.1 requires the participation of at least two culpable individuals so that leadership of some criminal enterprise or organization, however minimal, can be claimed.") *Id.*, at 1509.

■ In determining that Veilleux was a leader or an organizer in this drug conspiracy, the district court relied heavily upon testimony offered at trial and at the sentencing hearing of prosecution witness Peter Drown. Drown stated that the defendant took over his father's drug operation, saying he (Veilleux) "was the one that took over the whole—whole organization ..." giving orders and setting the price for the cocaine "on all the deals." The judge also concluded that the defendant was a leader or an organizer because he assumed his father's "accounts receivable" by demanding and receiving payment from Drown for a cocaine debt owed to his father. The district court found that "[defendant] did take over a certain part of collecting money for drugs that had been previously distributed." The court also found that Veilleux's statement to Drown that he had a drug runner demonstrated that he played a leadership role in the offense. Drown testified at the sentencing hearing that during

the summer of 1989, Veilleux told him that he had a "personal runner" going to Rhode Island to pick up kilograms of cocaine for a thousand dollars. Defendant argues that the evidence actually showed that the runner was employed by his father, Armand Veilleux, and that he was merely boasting to Drown when he claimed to have a personal runner. However, the district court concluded that the defendant did have a drug runner. *See, United States v. Diaz–Villafane,* 874 F.2d 43, 44 (1st Cir.1989) (district court's finding that defendant was subject to an upward adjustment under § 3B1.1(c) was supported by "evidence that the defendant boasted of controlling the area and that he was protected with a bunch of individuals riding bikes, motorcycles and cars" and by evidence that witness described him as a "leader").

■■ Finally, the sentencing judge found that Veilleux held a leadership role in the offense because he "supp[lied] drugs to an organization and [to] a certain extent, by his offering those drugs and the dates when the deals can be done, he ... control[led] the commission of the offense by these other individuals." Setting the details of drug transactions in such a manner as to orchestrate the sales, where the offender also directs at least one accomplice, is sufficient to uphold a § 3B1.1(c) sentencing enhancement against a challenge of clear error. *See United States v. Ortiz,* 878 F.2d 125, 127 (3rd Cir.1989) (e.g. leadership enhancement upheld where defendant made decisions regarding details of deals such as place, quantity and price). Where the defendant exercises at least some authority, the enhancement is appropriately imposed. *See United States v. Mays,* 902 F.2d 1501, 1503 (10th Cir.1990).

Counsel for the defendant argues that Veilleux was involved in four transactions in which he acted alone in selling cocaine to the Maxim/Drown organization at their request. Counsel further argues that Veilleux did not exercise decision-making authority over Drown, Maxim, Fournier (his alleged runner) or any other person or persons. Defense counsel suggests that we follow the ruling in *United States v. Full-er,* 897 F.2d 1217, 1221 (1st Cir.1990), where we found that the defendant did not rely on the assistance of others, but engaged in a number of private drug transactions, in which he essentially did all the work himself. In *Fuller,* we concluded that the district court's finding that the defendant was an organizer, leader, manager, or supervisor was clearly erroneous because "[t]he district court did not make any finding that Fuller exercised control or was otherwise responsible for organizing others in the commission of the offense." *Id.* at 1221.

While we might give less credence to the testimony of Peter Drown than did the district court judge below, the caselaw is clear that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *United States v. Batista–Polanco,* 927 F.2d 14, 17 (1st Cir.1991). There was sufficient evidence offered at trial and at the presentencing hearing to allow the district court to come to the conclusion that Veilleux was an organizer or leader as defined in § 3B1.1(c) and the accompanying advisory notes. We therefore affirm the district court's finding that Veilleux was an "organizer, leader, manager, or supervisor" as defined by § 3B1.1(c) of the Federal Sentencing Guidelines.

Next, we take up the issue of whether the district court, pursuant to § 3C1.1 of the Federal Sentencing Guidelines, erroneously enhanced the defendant's sentence for obstruction of justice.

■■ Defendant suggests that this court's review of the obstruction of justice enhancement be *de novo.* The *de novo* standard of review would only be applicable if this court were required to make a legal interpretation as to whether or not Veilleux's conduct constituted obstruction of justice under the Guidelines. *United States v. Shoulberg,* 895 F.2d 882, 884 (2nd Cir.1990). Advisory Note 3(a) to § 3C1.1 of the Guidelines advises that the obstruction of justice enhancement applies to conduct

"threatening, intimidating, or otherwise unlawfully influencing a codefendant, *witness,* or juror, directly or indirectly, or attempting to do so ..." (emphasis added). There can be no question as to whether or not Veilleux's threats to the government's witness, Sean Anderson, constituted obstruction of justice, since this conduct is specifically defined in the Guidelines by Advisory Note 3(a) as the type of conduct to which § 3C1.1 applies.

In *Shoulberg,* the court noted "... [t]he sentencing court's findings as to what acts were performed, *what was said,* what the speaker meant by his words, and how a listener would reasonably interpret those words will be upheld unless they are clearly erroneous." (emphasis added). 895 F.2d at 884. *See also United States v. Akitoye,* 923 F.2d at 229. ("[B]ecause findings of [obstruction of justice] are fact-oriented, we will review them under the clearly erroneous standard, mindful that such findings do not require directly contradictory testimony but may spring from a solid foundation of circumstantial evidence.") (citations omitted); *United States v. Wheelwright,* 918 F.2d 226, 228 (1st Cir. 1990) (citing *United States v. Brown,* 900 F.2d 1098, 1103 (7th Cir.1990)); and, *United States v. Christman,* 894 F.2d 339, 342 (9th Cir.1990).

In *United States v. Pilgrim Market Corporation,* 944 F.2d 14, 17 (1st Cir.1991) we held: "[U]nder First Circuit precedent the 'due deference mandate' of the statute to the district court's application of the guidelines to the facts translates into a 'clearly erroneous' standard of review." At 17.

■ The district court based its obstruction of justice finding on the testimony of Sean Anderson. Anderson testified at the sentencing hearing that on March 30, 1990, he saw the defendant at a bar in Lewiston, Maine. According to Anderson, Veilleux told him that if he testified it would not be a pretty sight, that Veilleux would kill him if he testified, and that if he did not kill him, Veilleux's father would. Kevin Degen, who was with Anderson at the bar, confirmed Anderson's testimony regarding Veilleux's threat.

Veilleux produced a witness, Dickinson, who testified that he was sitting with Veil-

leux on that occasion, and that the conversation between Anderson and Veilleux was much different. Dickinson said that Veilleux made no threats whatsoever to Anderson.

The district court rejected Dickinson's testimony, instead finding Anderson's version of the conversation "more credible." § 3742(e) of 18 U.S.C., which governs appellate review of a sentence, provides, *inter alia,* that "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the *credibility of the witnesses ...*" (emphasis added). *See also United States v. Wheelwright,* 918 F.2d at 228 ("[M]atters of credibility are for the trial court, not this court, to decide.").

Given the district court's finding of obstruction of justice based on the "more credible" testimony of Sean Anderson regarding Veilleux's threats to him, we are unable to find any clear error in the enhancement of the defendant's sentence in this regard. The district court's application of the obstruction of justice enhancement was not clearly erroneous. Therefore, the sentence of defendant Timothy Veilleux is

AFFIRMED.