USCA1 Opinion

 

 July 22, 1992 ____________________ July 22, 1992 ____________________ No. 92-1152 No. 92-1152 UNITED STATES OF AMERICA, UNITED STATES OF AMERICA, Appellee, Appellee, v. v. BRIAN K. SCHULTZ, BRIAN K. SCHULTZ, Defendant, Appellant. Defendant, Appellant. ____________________ ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Nicholas Tsoucalas,* Judge] [Hon. Nicholas Tsoucalas,* Judge] _____ ____________________ ____________________ Before Before Torruella, Selya and Cyr, Torruella, Selya and Cyr, Circuit Judges. Circuit Judges. ______________ ____________________ ____________________ Warren C. Nighswander and Sulloway, Hollis & Soden, on brief for Warren C. Nighswander and Sulloway, Hollis & Soden, on brief for _____________________ _________________________ appellant. appellant. Jeffrey R. Howard, United States Attorney, and Peter E. Papps, Jeffrey R. Howard, United States Attorney, and Peter E. Papps, __________________ _______________ First Assistant United States Attorney, on brief for appellee. First Assistant United States Attorney, on brief for appellee. ____________________ ____________________ ____________________ ____________________ *Of the United States Court of International Trade, sitting by *Of the United States Court of International Trade, sitting by designation. designation. CYR, Circuit Judge. Appellant Brian Schultz pled guilty to one CYR, Circuit Judge. ______________ count of distributing child pornography, see 18 U.S.C. 2252(a)(2), ___ and one count of conspiring to (1) transport child pornography in interstate commerce (18 U.S.C. 2252(a)(1)), (2) transport obscene matter in interstate commerce (18 U.S.C. 1465), (3) use a common carrier to transport obscene matter (18 U.S.C. 1462(a)), and (4) receive and possess obscene matter while engaged in the business of transferring obscene matter (18 U.S.C. 1466(a)), in violation of 18 U.S.C. 371. Schultz challenges the offense level enhancements imposed on account of his involvement with obscene material depicting adult sadomasochism, see U.S.S.G. 2G2.2(b)(3), and for his ___ aggravating role in the conspiracy offense, see id. 3B1.1(c). We ___ ___ affirm. I I BACKGROUND BACKGROUND __________ Following an investigation which began in November 1990, Schultz and two coconspirators were charged with various violations of federal law relating to the possession, transportation, and distribution of child pornography and of obscene matter depicting adult sadomasochism. Count I charged that Schultz conspired to sell (and sold) a videotape entitled "CESC," depicting adult sadomasochism and violence. Count IX charged Schultz with the substantive offense of distributing a videotape entitled "JUDO," portraying a child engaged in sexually 2 explicit conduct involving neither violence nor sadomasochism.* II II DISCUSSION DISCUSSION __________ The parties agree that the district court properly "grouped" the conspiracy and substantive counts under U.S.S.G. 3D1.2(b). The "common scheme or plan" that warranted the grouping of all counts of conviction, see id., included conduct involving not only child ___ ___ pornography (counts I and IX), see id. 2G2.2,** but obscene matter ___ ___ ____________________ *The district court determined Schultz's guideline sentence as *The district court determined Schultz's guideline sentence as follows: (1) base offense level 13, see U.S.S.G. 2G2.2(a); (2) two- follows: (1) base offense level 13, see U.S.S.G. 2G2.2(a); (2) two- ___ level enhancement because pornographic materials involved minors under level enhancement because pornographic materials involved minors under age 12, see id. 2G2.2(b)(1); (3) five-level enhancement because age 12, see id. 2G2.2(b)(1); (3) five-level enhancement because ___ ___ materials were distributed for pecuniary gain, see id. 2G2.2(b)(2); materials were distributed for pecuniary gain, see id. 2G2.2(b)(2); ___ ___ (4) four-level enhancement because materials contained depictions of (4) four-level enhancement because materials contained depictions of sadomasochistic conduct or other violence, see id. 2G2.2(b)(3); (5) sadomasochistic conduct or other violence, see id. 2G2.2(b)(3); (5) ___ ___ two-level enhancement for Schultz's aggravated role in the offense, two-level enhancement for Schultz's aggravated role in the offense, see id. 3B1.1(c); and (6) a two-level reduction for acceptance of see id. 3B1.1(c); and (6) a two-level reduction for acceptance of ___ ___ responsibility. The resultant total offense level was 24 and the responsibility. The resultant total offense level was 24 and the guideline sentencing range 51-63 months. The court sentenced Schultz guideline sentencing range 51-63 months. The court sentenced Schultz to a 60-month prison term. to a 60-month prison term. **Section 2G2.2 (Transporting, Receiving, or Trafficking in Material **Section 2G2.2 (Transporting, Receiving, or Trafficking in Material Involving the Sexual Exploitation of a Minor) reads, in relevant part: Involving the Sexual Exploitation of a Minor) reads, in relevant part: (a)Base Offense Level: 13 (a)Base Offense Level: 13 (b)Specific Offense Characteristics (b)Specific Offense Characteristics . . . . . . (3) If the offense involved material that portrays sadistic (3) If the offense involved material that portrays sadistic _______ or masochistic conduct or other depictions of violence, or masochistic conduct or other depictions of violence, __ _____ __________ __ ________ increase by 4 levels. increase by 4 levels. 3 portraying sadomasochism (count I), see id. 2G3.1.*** Although ___ ___ the precise manner in which the district court grouped the offenses is not entirely clear, the particulars are unimportant to the issues raised on appeal, as Schultz remains "otherwise accountable," see id. ___ ___ 1B1.3(a)(1), for all "relevant conduct" in furtherance of the common scheme. Id. ___ The cross reference in U.S.S.G. 2G3.1(c)(1) directs the application of U.S.S.G. 2G2.2 where "the offense involved . . . _______ ________ material [depicting] the sexual exploitation of a minor," id. ___ 2G3.1(c)(1) (emphasis added). Accordingly, U.S.S.G. 2G2.2 the child pornography guideline controlled the sentencing guideline determination as to the "acts . . . for which [Schultz] would be otherwise accountable" as provided in U.S.S.G. 1B1.3(a) ____________________ ***Section 2G3.1 (Importing, Mailing, or Transporting Obscene Matter) ***Section 2G3.1 (Importing, Mailing, or Transporting Obscene Matter) reads, in relevant part: reads, in relevant part: (a)Base Offense Level: 6 (a)Base Offense Level: 6 (b)Specific Offense Characteristics (b)Specific Offense Characteristics . . . . . . (2) If the offense involved material that portrays sadistic (2) If the offense involved material that portrays sadistic _______ or masochistic conduct or other depictions of violence, or masochistic conduct or other depictions of violence, increase by 4 levels. increase by 4 levels. (c)Cross Reference (c)Cross Reference (1) If the offense involved transporting, distributing, (1) If the offense involved transporting, distributing, _______ receiving, possessing, or advertising to receive material receiving, possessing, or advertising to receive material involving the sexual exploitation of a minor, apply 2G2.2 involving the sexual exploitation of a minor, apply 2G2.2 _____ _ _____ . . . . . . . . (Emphasis added). (Emphasis added). 4 (ii),(iii),(1).**** The dispute relates to the proper application of the enhancement authorized under U.S.S.G. 2G2.2(b)(3): "If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by four levels." The district court imposed the four-level enhancement on the theory that three of the objectives of the criminal conspiracy charged in count I involved "obscene matter" depicting adult sadomasochism and constituted "relevant conduct" for which Schultz was "otherwise accountable" within the meaning of U.S.S.G. 1B1.3, comment. (n.1). Schultz contends that the word "offense" in U.S.S.G. 2G2.2(b)(3) encompasses only the child pornography offense and that the district court erred in considering adult obscene matter depicting sadomasochism. Schultz cites to no authority, but urges that the Commission's placement of ____________________ ****Relevant Conduct (Factors that Determine the Guideline Range) ****Relevant Conduct (Factors that Determine the Guideline Range) _____________________________________________________________ ( a ) ( a ) Chapters Two (Offense Conduct) and Three (Adjustments). Chapters Two (Offense Conduct) and Three (Adjustments). ____________________________________________________________ Unless otherwise specified, (i) the base offense level where Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross (ii) specific offense characteristics and (iii) cross ________ _______ _______________ _____ references in Chapter Two, and (iv) adjustments in Chapter references in Chapter Two, and (iv) adjustments in Chapter __________ __ _______ ___ Three, shall be determined on the basis of the following: Three, shall be determined on the basis of the following: ( 1 ) ( 1 ) all acts and omissions committed or aided and abetted by the all acts and omissions committed or aided and abetted by the ___ ____ ___ _________ defendants, or for which the defendant would be otherwise defendants, or for which the defendant would be otherwise ___ _____ ___ _________ _____ __ _________ accountable, that occurred during the commission of the accountable, that occurred during the commission of the ___________ offense of conviction, in preparation for that offense, or in offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of for that offense, or that otherwise were in furtherance of that offense . . . . that offense . . . . U.S.S.G. 1B1.3(a)(1) (emphasis added). U.S.S.G. 1B1.3(a)(1) (emphasis added). 5 the sadomasochism "specific offense characteristic" within 2G2.2(b)(3) (child pornography guideline) indicates that obscene matter involving adult sadomasochism only was not within the contemplation of the Commission.***** The legal determination as to the proper interplay among related guidelines is subject to plenary review. United States v. Phillips, _____________ ________ 952 F.2d 591, 594 (1st Cir.), petition for cert. filed, U.S. App. ________ ___ ____ _____ LEXIS 30, 120 (May 12, 1992); United States v. Veilleux, 949 F.2d 522, _____________ ________ 528 (1st Cir. 1991). We start with U.S.S.G. 2G3.1 (adult obscene matter), which expressly requires reference to U.S.S.G. 2G2.2 (child pornography). Thus, materials which contain both adult obscene matter and child pornography are controlled by U.S.S.G. 2G2.2. Section 2G2.2 neither states nor intimates that sentencing courts are to exclude from consideration the specific offense characteristics relating to adult obscene matter made subject to 2G2.2(b)(3) through the cross reference in 2G3.1. Moreover, 2G3.1(b)(2) authorizes the identical four-level enhancement set forth in 2G2.2(b)(3), suggesting that the Commission intended that the specific offense characteristics of sadomasochism and violence be dealt with in identical fashion whether depicted in adult obscene matter or child pornography. Under the interpretation urged by Schultz, each time a ____________________ *****Schultz concedes that he would have been held responsible, under *****Schultz concedes that he would have been held responsible, under 2G3.1 (adult obscene matter), for the criminal conduct relating to 2G3.1 (adult obscene matter), for the criminal conduct relating to obscene matter depicting adult sadomasochism, but insists that this is obscene matter depicting adult sadomasochism, but insists that this is not relevant conduct under 2G2.2 as it "has no relation to the not relevant conduct under 2G2.2 as it "has no relation to the offense of child pornography and provides no basis for an upward offense of child pornography and provides no basis for an upward adjustment pursuant to 2G2.2(b)(3)." adjustment pursuant to 2G2.2(b)(3)." 6 criminal offense involves adult obscene matter depicting sadomasochism or other violence, as well as nonviolent child pornography, the violence in the adult materials would be ignored as a specific offense characteristic under 2G2.2. We believe the more sensible interpretation requires the court to consider violence or sadomaso- chism as a specific offense characteristic warranting a four-level enhancement under either U.S.S.G. 2G2.2 or U.S.S.G. 2G3.1. The Sentencing Guidelines expressly prescribe the factors to be utilized in determining specific offense characteristics. U.S.S.G. 1B1.3, entitled "Relevant Conduct (Factors that Determine the Guideline Range)," provides in relevant part: (a) Chapter[] Two (Offense Conduct) . . . . Unless otherwise _______________________________ specified, . . . specific offense characteristics . . . shall be determined on the basis of the following: (1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise __ ___ _____ ___ _________ _____ __ _________ accountable, that occurred during the commission of the ___________ offense of conviction . . . or that otherwise were in furtherance of that offense . . . . U.S.S.G. 1B1.3(a)(1) (emphasis in subsection (1) added). Applica- tion note 1 to 1B1.3(a)(1) states: "In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' . . . includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. 1B1.3(a)(1), comment. (n.1). The application note thus counsels a broad 7 interpretation of the term "offense" in applying specific offense characteristics under Chapter 2 of the Guidelines. The sale of the "CESC" videotape depicting adult sadomasochism was properly considered "relevant conduct" for which Schultz was "otherwise account- able."****** "Role in the Offense" Enhancement "Role in the Offense" Enhancement ________________________________ Schultz contends that the district court improperly imposed a two-level enhancement for his leadership role in the offense, see ___ U.S.S.G. 3B1.1(c), and failed to make the requisite findings contemplated by 18 U.S.C. 3553(c).******* As "role in the ____________________ ******The interpretation urged by Schultz is further undercut by a ******The interpretation urged by Schultz is further undercut by a recent clarifying amendment to U.S.S.G. 1B1.1 ("Application recent clarifying amendment to U.S.S.G. 1B1.1 ("Application Instructions"), which states as follows: "'Offense' means the offense Instructions"), which states as follows: "'Offense' means the offense _______ of conviction and all relevant conduct under 1B1.3 (Relevant of conviction and all relevant conduct under 1B1.3 (Relevant __ __________ ___ ________ _______ Conduct) unless a different meaning is specified or is otherwise clear Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. 1B1.3, comment. (n.1(l)) (Nov. 1, from the context." U.S.S.G. 1B1.3, comment. (n.1(l)) (Nov. 1, 1991). As the Sentencing Commission explained, its recent definition 1991). As the Sentencing Commission explained, its recent definition did not alter preexisting practice under the Sentencing Guidelines, did not alter preexisting practice under the Sentencing Guidelines, but merely "describe[d] how the term 'offense' is used in the guide- but merely "describe[d] how the term 'offense' is used in the guide- lines." U.S.S.G. App. C, amendment 388 (Nov. 1991). lines." U.S.S.G. App. C, amendment 388 (Nov. 1991). *******Section 3553(c) requires the sentencing judge to "state in open *******Section 3553(c) requires the sentencing judge to "state in open court the reasons for [the] imposition of the particular sentence." court the reasons for [the] imposition of the particular sentence." See also United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. See also United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. ___ ____ ______________ ________ 1990) (requiring "reasonably specific findings"). The district court 1990) (requiring "reasonably specific findings"). The district court managed minimal compliance with 18 U.S.C. 3553(c). The court heard managed minimal compliance with 18 U.S.C. 3553(c). The court heard counsel on Schultz's leadership role in the conspiracy. In imposing counsel on Schultz's leadership role in the conspiracy. In imposing sentence, the court denoted each element in its determination of the sentence, the court denoted each element in its determination of the guideline sentencing range, including the two-level enhancement of the guideline sentencing range, including the two-level enhancement of the base offense level for Schultz's role in the offense: "The . . . two- base offense level for Schultz's role in the offense: "The . . . two- level adjustment for being the leader, or prime mover in this matter level adjustment for being the leader, or prime mover in this matter is also agreed upon by this court." (emphasis added). Thus, the court is also agreed upon by this court." (emphasis added). Thus, the court ______ ____ __ ____ _____ not only determined that Schultz was a leader but impliedly adverted not only determined that Schultz was a leader but impliedly adverted to the presentence report ("PSR") and its characterization of to the presentence report ("PSR") and its characterization of Schultz's role in the offense. The PSR was the central focus of the Schultz's role in the offense. The PSR was the central focus of the issues presented at sentencing. Moreover, the PSR provides a issues presented at sentencing. Moreover, the PSR provides a 8 offense" determinations are fact intensive, United States v. Akitoye, _____________ _______ 923 F.2d 221, 227 (1st Cir. 1991); United States v. McDowell, 918 F.2d _____________ ________ 1004, 1011 (1st Cir. 1990), we normally review for clear error. United States v. Dietz, 950 F.2d 50, 52 (1st Cir. 1991); see McDowell, _____________ _____ ___ ________ 918 F.2d at 1011 (cautioning that "'considerable respect be paid to the views of the nisi prius court'") (quoting United States v. Ocasio, _____________ ______ 914 F.2d 330, 333 (1st Cir. 1990)). A two-level enhancement is warranted under U.S.S.G. 3B1.1(c) where the criminal enterprise involved at least two participants, and "the defendant exercised control over, or was otherwise responsible for organizing the activities of, at least one other individual in committing the crime." United States v. Akitoye, 923 F.2d 221, 227 _____________ _______ (1st Cir. 1991). The conspiracy to which Schultz pled guilty involved three participants. The largely uncontested facts set forth in the PSR were sufficient as well to support the finding that Schultz "exer- cised control over" at least one coconspirator. According to the PSR, Schultz instructed coconspirator Mark Colen to bring several videotapes, including "JUDO" and "CESC" to a ____________________ sufficient basis for reasoned appellate review. See McDowell, 918 sufficient basis for reasoned appellate review. See McDowell, 918 ___ ________ F.2d at 1012 ( 3553(c) requires findings sufficient to enable F.2d at 1012 ( 3553(c) requires findings sufficient to enable effective appellate review). In McDowell, we remanded because the effective appellate review). In McDowell, we remanded because the ________ sentencing court failed to make sufficient findings to support a four- sentencing court failed to make sufficient findings to support a four- level "role in the offense" enhancement pursuant to U.S.S.G. level "role in the offense" enhancement pursuant to U.S.S.G. 3B1.1(a) (conspiracy "involving five or more participants"). The 3B1.1(a) (conspiracy "involving five or more participants"). The McDowell PSR "neither suggested who the 'five or more participants' McDowell PSR "neither suggested who the 'five or more participants' ________ might have been, nor discussed why five or more participants were might have been, nor discussed why five or more participants were necessarily involved . . . ." Id. at 1011. Accordingly, we refused necessarily involved . . . ." Id. at 1011. Accordingly, we refused ___ to engage in the "substantial guesswork" required to conduct appellate to engage in the "substantial guesswork" required to conduct appellate review. Id. at 1012. The PSR in the present case suffers from no review. Id. at 1012. The PSR in the present case suffers from no ___ such deficiency. such deficiency. 9 January 10, 1991 meeting with a government agent. Colen arrived with the tapes, and remained while Schultz conducted the sale to the informant. Although Schultz concedes that the meeting occurred as represented, he disputes the PSR characterization that Colen delivered the tapes on instructions from Schultz. Instead, Schultz argues, __ ____________ without testimonial or other evidentiary support, that Colen acted at the behest of the agent. The district court was not required to credit Schultz's unsubstantiated contention. The district court finding that Schultz exercised a leadership role over Colen is supported by undisputed evidence as well. First, Schultz drew a diagram for the undercover agent, depicting himself at the apex of the criminal enterprise. Second, Schultz possessed the greater capacity to reproduce videotapes, rented the office space where tapes were reproduced, and rented storage space for videotapes, mailing lists, and other materials used to facilitate the illegal enterprise. Third, the record indicates that "most" of the porno- graphic materials involved in the conspiracy were turned over to Schultz by his coconspirators. Fourth, when the coconspirators were arrested, 420 tapes were seized from Schultz, 400 from Bailey, and 100 from Colen. Finally, "most" of the 96 videotapes made available to the government operatives during the course of the conspiracy were acquired from Schultz. There was sufficient evidence to support the two-level enhancement under U.S.S.G. 3B1.1(c). Affirmed. ________ 10