USCA1 Opinion

 

 July 28, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1142 UNITED STATES, Appellee, v. WILFREDO BARRETO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Francisco M. Dolz-Sanchez on brief for appellant. _________________________ Daniel F. Lopez-Romo, United States Attorney, and Warren Vazquez, ____________________ ______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant appeals his sentence. He __________ claims that the district court committed clear error in finding him to be "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," U.S.S.G. 3B1.1(a), and in enhancing his sentence four levels pursuant to that provision. We affirm. I. BACKGROUND __________ Appellant Wilfredo Barreto was indicted with four co-defendants on two counts: conspiring to possess with intent to distribute multi-kilo quantities of marijuana in violation of 21 U.S.C. 846 (count one) and possession with intent to distribute 85 kilograms of marijuana in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2 (count two). The indictment characterized appellant and co-defendant Carmelo Rosado as "organizers" and the remaining three co-defendants as "couriers." After two days of testimony by the government's witnesses, appellant entered a plea agreement in which he agreed to plead guilty to count one of the indictment and the government agreed to request the dismissal of count two against him. On September 3, 1991, appellant pled guilty to count one after a hearing before the district court. Pursuant to Rule 418 of the Local Rules of the United States District Court for the District of Puerto Rico, -2- the government filed a statement of facts with the district court. Appellant signed onto the government's statement rather than prepare his own. The facts contained therein are as follows. During December 1990, appellant conspired with four other persons to possess with intent to distribute marijuana. On December 26, 1990, appellant purchased airline tickets for co-defendant Reinaldo Cordero-Nieves to travel to San Diego, California, to pick up marijuana and transport it back to San Juan, Puerto Rico. According to the statement, appellant also purchased airline tickets for "other individuals." Co-defendant Carmelo Rosado purchased airline tickets on the same day for co-defendants Reinaldo Rodriguez- Vargas and Anibal Santiago-Martinez to travel to San Diego and back for the purpose of transporting the marijuana. On December 29, 1990, co-defendants Cordero-Nieves, Rodriguez- Vargas and Santiago-Martinez were travelling between San Diego, California and Puerto Rico when their luggage was intercepted and searched pursuant to warrants. The searches uncovered approximately 85 kilograms of marijuana. The sentencing hearing was held on January 13, 1992, before the same judge who presided over the trial. The district court determined a base offense level of 24, given that 85 kilograms of marijuana had been seized. U.S.S.G. 2D1.1(c) and 2D1.4. It then enhanced the base offense level by four levels pursuant to U.S.S.G. 3B1.1(a) for -3- appellant's role as an organizer or leader of five or more participants. The court reduced the offense level by two levels for appellant's acceptance of responsibility, U.S.S.G. 3E1.1(a), arriving at a total offense level of 26. At criminal history category I, the relevant guideline called for 63 to 78 months. The court sentenced appellant to 70 months imprisonment and four years supervised release and imposed a special monetary assessment of $50. The district court made the following findings at the sentencing hearing in support of its decision to enhance appellant's base offense level for his role in the offense: 1) appellant "took affirmative steps to purchase the airline tickets for his co-defendants," and 2) appellant "imparted instructions to the couriers relative to the transporting and delivering of the marijuana seized." To support its finding that appellant was an organizer or leader, the district court also adopted the Presentence Report (PSI) and two addenda thereto prepared by the probation officer. The PSI set forth the facts of the case in somewhat more detail than the government's statement of facts filed pursuant to Local Rule 418. The PSI stated that Cordero- Nieves, Rodriguez-Vargas, Santiago-Martinez and others "were instructed to travel round-trip from Puerto Rico to San Diego, California, to bring luggage loaded with marijuana for Carmelo Rosado and Wilfredo Barreto." The PSI also asserted -4- that on December 26, 1990, U.S. Customs officers obtained a search warrant for luggage checked in by appellant to the flight from San Juan to San Diego (via Nashville, Tennessee). The suitcase was searched and found to contain $105,590.00 in cash. The PSI noted that "pursuant to the governmental authorities," appellant and Rosado were the organizers and leaders of the scheme "since they arranged for the group of couriers to travel to San Diego, California, to pick up the marijuana." Appellant filed a partial opposition to the PSI in which he sought to clarify certain alleged factual inaccuracies and contested the PSI's acceptance of the government's characterization of the appellant as an organizer or leader. Appellant also argued that his recent misfortunes in his career as an amateur boxer and his pregnant wife's ill health warranted a downward departure from the guidelines. The probation officer, pursuant to Local Rule 418, prepared two addenda to the PSI in response to appellant's opposition. The addenda reconfirmed the PSI's conclusion that the facts warranted enhancement for appellant's role in the offense as an organizer or leader. II. DISCUSSION __________ On appeal, Barreto contests both the district court's factual findings underlying the four-level enhancement and the district court's interpretation of the -5- underlying facts to find that appellant is an organizer or leader within the meaning of U.S.S.G. 3B1.1(a). We review the district court's determination of the appellant's role in the offense only for clear error. United States v. Panet- ______________ ______ Collazo, 960 F.2d 256, 261 (1st Cir. 1992); United States v. _______ _____________ Akitoye, 923 F.2d 221, 227 (1st Cir. 1991); United States v. _______ _____________ Ocasio, 914 F.2d 330, 333 (1st Cir. 1990); United States v. ______ ______________ Diaz-Villafane, 874 F.2d 43, 48 (1st Cir.) cert. denied 493 ______________ ____________ U.S. 862 (1989); 18 U.S.C. 3742(e). Factual Findings ________________ Appellant disputes the court's finding that he had purchased airline tickets for his co-defendants. He argues _ that the evidence was that he purchased an airline ticket only for co-defendant Cordero-Nieves. Second, he contests the court's finding that he instructed the co-defendants regarding the transportation and delivery of the marijuana. He states that this information was not included in the PSI or its addenda. Appellant argues that he only purchased an airline ticket for Cordero-Nieves. The Government's Statement of Facts filed with the plea agreement and executed by the appellant pursuant to Local Rule 418, however, states that "on or about December 26, 1990, defendant Wilfredo Barreto purchased airline tickets for defendant Reinaldo Cordero- Nieves . . . , and other individuals." At trial, there was ______________________ -6- evidence introduced that appellant purchased airline tickets for several persons. Appellant's attorney stated at the sentencing hearingthat theappellant had bought"some tickets." The evidence does indicate that of the persons for whom appellant purchased tickets, only Cordero-Nieves was named as a co-defendant in the indictment. The district court apparently relied upon the PSI's statement that "Carmelo Rosado and Wilfredo Barreto purchased tickets for [co-defendants] and other individuals." Even if the court erred in stating that appellant "took affirmative steps to purchase the airline tickets for his co-defendants," any such _ error is harmless. Appellant purchased airline tickets for himself and at least four other persons. At least two of those other persons were identified at trial as part of the group which met at the airport on December 26, 1990 to travel to San Diego. The indictment charges appellant with conspiring with his co-defendants "and with diverse other persons." Appellant's leadership status is not diminished by the Grand Jury's failure to indict all of the co-conspirators for whom the appellant purchased tickets. Any error in the court's finding with respect to the status of the persons for whom appellant purchased tickets is harmless. Appellant objects to the district court's finding that he "imparted instructions to the couriers relative to the transporting and delivering of the marijuana seized" on -7- the ground that this information did not appear in the PSI or its addenda. The PSI, however, states that Carmelo Rosado and appellant purchased airline tickets for the co-defendants and others and that "they were instructed to travel round- trip from Puerto Rico to San Diego, California, to bring luggage loaded with marijuana for Carmelo Rosado and Wilfredo Barreto." Viewed in isolation, the "they" in the last quoted phrase may be ambiguous. "They" could include appellant, in which case someone other than appellant was doing the instructing. On the other hand, "they" could reference the three couriers alone, in which case it is reasonable to conclude that appellant and Carmelo Rosado, the intended recipients of the marijuana, were the ones giving instructions. The district court ostensibly adopted the latter interpretation. For several reasons, that was a fully permissible construction. First, the PSI also states that "pursuant to the governmental authorities, [the appellant and Carmelo Rosado] arranged for the group of couriers to travel to San Diego, California, to pick up the marijuana." The district court could reasonably conclude that appellant instructed the co- defendants as part of "arranging for" their travel to pick up the drugs. Second, in applying the sentencing guidelines, the district court was not restricted to the evidence presented -8- in the PSI. The court could rely on any information it had access to, provided that the information had "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. 6A1.3. See United States v. Zuleta-Alvarez, 922 ___ _____________ ______________ F.2d 33, 36 (1st Cir. 1990), cert. denied, 111 S.Ct. 2039 ____________ (1991). Evidence introduced at trial and subject to cross- examination certainly satisfies this test. At trial, government witnesses testified that on December 26, 1990, appellant met with the co-defendants and others at the airport, distributed airline tickets to them and departed San Juan with the group on a plane bound for San Diego, California (via Nashville, Tennessee). The government also introduced evidence at trial that a suitcase with a tag bearing appellant's name and checked onto the flight to San Diego was intercepted and found to contain more than $100,000 in cash. The district court could reasonably have concluded from this testimony that appellant, who purchased and distributed airline tickets and whose suitcase contained the large amount of cash necessary for a drug purchase, was the person immediately in control of the job in progress and hence the one giving instructions to the co-defendants regarding the transport and delivery of the drugs.1 ____________________ 1. At his guilty plea hearing, appellant appeared to admit that he also purchased the marijuana in San Diego: Mr. Barreto: We agreed among each other to bring this marijuana into Puerto Rico. -9- Therefore, the district court's conclusion that appellant imparted instructions to his co-defendants is supported by the evidence and is not clearly erroneous. Interpretation of the Facts ___________________________ In addition to appellant's challenge to the district court's factual findings, he also contests the court's interpretation of those facts to conclude that he is an organizer or leader. The Sentencing Guidelines direct the district court to consider the following factors in distinguishing a leader or organizer from a manager or supervisor: the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. ____________________ The Court: And you bought the tickets? Mr. Barreto: With someone else. The Court: And the group went to San Diego? Mr. Barreto: Yes. The Court: And you bought the marijuana there in San Diego? Mr. Barreto: Yes. The Court: And the marijuana you brought back to Puerto Rico? Mr. Barreto: Other co-defendants. There is some ambiguity in this exchange, however, as to whether "you" refers to appellant himself or to the group. The PSI made no reference to that admission and we have not relied on it in determining that the district court's factual findings are supported by the evidence. -10- U.S.S.G. 3B1.1, comment. (n.3); United States v. Sostre, _____________ ______ No. 91-1918, slip op. at 12 (1st Cir., June 29, 1992); United ______ States v. Sabatino, 943 F.2d 94, 101 (1st Cir. 1991). It is ______ ________ not necessary that the court find evidence of all of the factors before enhancing a defendant's sentence for his role as a leader or organizer. United States v. Preakos, 907 F.2d _____________ _______ 7, 9 (1st Cir. 1990). The district court's findings that appellant purchased airline tickets and instructed the co-defendants regarding the transportation of the drugs focused on the appropriate factors. See United States v. Panet-Collazo, 960 ___ _____________ _____________ F.2d at 261. From these factual findings, and given the trial testimony summarized above, it was reasonable for the district court to infer that appellant exercised a significant degree of decision-making authority in organizing the transportation of the drugs and exercised control over at least some of his co-conspirators. In light of these reasonable inferences, the district court's decision to enhance appellant's sentence for his role in the offense as an organizer or leader was not clearly erroneous. See United States v. Preakos, 907 F.2d at ___ _____________ _______ 9-10 (enhancement not clearly erroneous where defendant "exercised a high degree of decision-making authority in organizing a number of cocaine shipments from Florida to Maine" and "directed [his distributors] with regard to their -11- role in the various cocaine shipments"); United States v. ______________ Ortiz, 878 F.2d 125, 127 (3d Cir. 1989) (concluding that _____ enhancement not clearly erroneous where defendant "made the decision regarding the place, the quantity and the price to be paid for the cocaine" and "gave directions to some of the others involved in the transaction"); United States v. ______________ Castro, 908 F.2d 85, 90 (6th Cir. 1990) (upholding ______ enhancement where defendant directed co-defendants to transport drugs); cf. United States v. Sostre, No. 91-1918, ___ _____________ ______ slip op. at 13-14 (finding that enhancement for managerial role in the offense was clearly erroneous where defendant was merely a "steerer," directing buyers to sellers, but did not exercise control over any of the co-defendants); United ______ States v. Fuller, 897 F.2d 1217, 1221 (1st Cir. 1990) ______ ______ (finding that enhancement for defendant's role in offense of "organizer, leader, manager or supervisor" was clearly erroneous where defendant did not exercise control over or organize others in the commission of the offense). At his sentencing hearing, appellant offered an alternative interpretation of the facts. He argued that a leader or organizer would not purchase airline tickets or put his name on luggage filled with cash since such a person does not want to be identified. Appellant asserted, instead, that he was paid $1,000 to purchase the airline tickets and that the drugs were to be delivered to someone else, to whom they -12- belonged. In other words, appellant took the position that he was working for someone else who was the true leader or organizer and that appellant's limited responsibilities were insufficient to make him a leader or organizer. Appellant did not offer to submit any evidence as to the identity of his alleged boss or the payment of $1,000 although he was given numerous opportunities to make such an offer in response to the PSI and at his sentencing hearing.2 Appellant's argument that his role in purchasing tickets and the presence of his name on the tag on a luggage full of cash imply that he was not a leader or organizer may be reasonable. However, the district court's interpretation of the evidence as indicating a leadership role on the part of appellant is also reasonable. "The district court was entitled to choose between these reasonable interpretations of the evidence." United States v. Iguaran-Palmar, 926 F.2d _____________ ______________ 7, 11 (1st Cir. 1991). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer ________ _________________ City, 470 U.S. 564, 574 (1985); United States v. Diaz- ____ ______________ _____ Villafane, 874 F.2d at 49. _________ ____________________ 2. Even if the appellant had identified a co-conspirator who was above himself in the chain of command, this would not preclude a finding that the appellant was an organizer or leader. To be an organizer or leader within the meaning of U.S.S.G. 3B1.1(a), it is not necessary to be the participant most involved in the commission of the offense. United States v. Ortiz, 878 F.2d 125 (3d Cir. 1989). _____________ _____ -13- Regardless whether we would have reached the same conclusion about appellant's role in the offense as did the district court, we are mindful of our duty to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. 3742(e); United States _____________ v. Veilleux, 949 F.2d 522, 524 (1st Cir. 1991); see also ________ ___ ____ United States v. Dietz, 950 F.2d 50, 52 (1st Cir. 1991) ______________ _____ ("Because role-in-the-offense determinations are necessarily fact-specific, 'considerable respect [must] be paid to the views of the nisi prius court.'" (citation omitted)). III. CONCLUSION __________ The district court's determination that appellant was an organizer or leader within the meaning of U.S.S.G. 3B1.1(a) focused on the appropriate enhancement factors and is supported by the record. We find no clear error and, therefore, summarily affirm pursuant to 1st Cir. Loc. R. 27.1. -14-