977 F.2d 566
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Francis A. GOODSPEED, Defendant, Appellant.
 No. 91-2189.
 United States Court of Appeals,
First Circuit.
 October 23, 1992
 
 Appeal from the United States District Court for the District of New Hampshire
 Steven L. Maynard and Kinghorn & Maynard, P.A., on brief for appellant.
 Jeffrey R. Howard, United States Attorney, and Jeffrey S. Cahill, Special Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Francis A. Goodspeed appeals his conviction for embezzlement from an employee benefit plan in violation of 18 U.S.C. § 664. As grounds for appeal, Goodspeed alleges that the court erred by declining to give specific jury instructions proposed by Goodspeed and by enhancing his base offense level for obstruction of justice under Section 3C1.1 of the U.S. Sentencing Guidelines. We affirm.
 
 DISCUSSION
 1. Jury Instructions
 
 2
 As Goodspeed's appellate brief states, his theory of the case was that he never had any specific criminal intent to embezzle funds from the employee benefit plan as to which he claimed fiduciary authority. He proposed a jury instruction stating basically that, if the jury found that he had "mistakenly acted with a good faith belief" that he could use the funds, then he did not act with the necessary specific criminal intent and the jury would have to find him not guilty.
 
 
 3
 In lieu of that instruction the court instructed the jury as follows:
 
 
 4
 The term to embezzle means willfully to take or convert to one's own use another's money or property of which the wrongdoer acquired possession lawfully, by reason of some office, employment, or position of trust. To convert money or property to one's own use means to apply or appropriate or use such money or property for the benefit or profit of the wrongdoer. The term unlawfully means contrary to law, so to do an act unlawfully means to do willfully something which is contrary to law. An act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.
 
 
 5
 ...
 
 
 6
 To prove the defendant guilty of the offenses charged in each of the four counts of this indictment, the Government must show the joint operation of both an act forbidden by law and a specific intent to do such act. To establish specific intent, the prosecution must prove beyond a reasonable doubt that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. An act is done knowingly if done voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. The purpose of adding the word knowingly is to ensure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.
 
 
 7
 ...
 
 
 8
 The defendant here contends that he did not act with the requisite criminal intent to violate the provisions of Title 18, United States Code, Section 664, as he mistakenly believed in reasonable good faith that he was authorized to act as he did with respect to the Proctor Agency Profit Sharing Plan. Defendant is not required to prove this, or any theory of defense, as the burden rests upon the Government at all times to prove his guilt beyond a reasonable doubt with respect to every essential element of each offense with which the defendant has been charged.
 
 
 9
 (Emphasis added.)
 
 
 10
 As the emphasized passages show, the court made crystal clear that the jury could not find Goodspeed guilty of embezzlement if he had acted "mistakenly ... with a good faith belief" that he had the right to use plan assets when he withdrew funds from the plan. Therefore, the court did not err in not giving the requested instruction. See United States v. McGill, 953 F.2d 10, 12-13 (1st Cir. 1992) (although the court did not use the precise words favored by the defendant, the language the court employed "covered substantially the same ground"; as long as the charge "sufficiently conveys the defendant's theory, it need not parrot the exact language the defendant prefers"); United States v. Gibson, 726 F.2d 869, 874-75 (1st Cir.) (each aspect of appellant's theory of defense was "clearly and adequately covered" in the charge; the refusal to give a particular instruction is reversible error only if, among other things, the instruction was not substantially covered in the charge actually delivered to the jury), cert. denied, 466 U.S. 960 (1984).
 
 
 11
 The Tenth Circuit precedent to which Goodspeed directs us does not affect our conclusion. We have already explicitly declined to follow the rulings in that circuit which require a separate good faith instruction despite a clear and accurate instruction on the necessity of finding specific criminal intent. See United States v. Dockray, 943 F.2d 152, 155 (1st Cir. 1991); see also United States v. Young, 955 F.2d 99, 105 (1st Cir. 1992).
 
 
 12
 Goodspeed also claims that the court committed reversible error by not using an instruction of his which distinguished between civil and criminal liability for breach of fiduciary obligations. Goodspeed proposed the instruction because evidence had been submitted at trial as to what the fiduciary duties of the trustee of an employee benefit plan are. The proposed instruction stated basically that the government had to show beyond a reasonable doubt that Goodspeed had acted with specific criminal intent, and that proving a "negligent or innocent breach" of a fiduciary obligation might result in civil liability, but not criminal liability because the requisite criminal intent would be lacking.
 
 
 13
 The proposed instruction obviously sought to distinguish between a good faith or negligent breach of a fiduciary obligation for which no criminal liability would lie, and the specific criminal intent that would convert such a breach into a criminal offense. The emphasized passages from the court's charge to the jury, quoted above, show that this distinction was substantially covered in the actual charge. Accordingly, the court did not err in declining to give Goodspeed's instruction. See McGill, supra; Gibson, supra; cf. United States v. Snyder, 668 F.2d 686, 690-91 (2d Cir.) (The appellant claimed that his conviction under 18 U.S.C. § 664 should be reversed since the judge referred in his charge to ERISA fiduciary standards, but the court rejected that contention because the judge had otherwise made clear in his charge that the jury had to be convinced beyond a reasonable doubt that the appellant knew that he was not entitled to the funds he received, or that he did not have a good faith belief that the payments from the plan were authorized in order to convict the appellant), cert. denied, 458 U.S. 1111 (1982).
 
 2. Obstruction of Justice
 
 14
 The court enhanced Goodspeed's base offense level for obstruction of justice under Section 3C1.1 of the U.S. Sentencing Guidelines. The commentary to that section provides for an enhancement for "attempting to produce an altered, forged or counterfeit document on record" at trial. See U.S.S.G. Manual (1989), application note 1(c). The evidence presented at trial adequately supported the court's enhancement, and so we affirm. See United States v. Veilleux, 949 F.2d 522, 526 (1st Cir. 1991) (for obstructive conduct clearly covered by language in Section 3C1.1 commentary, the standard of review is "clearly erroneous").
 
 
 15
 Goodspeed's reliance on application note 2 to Section 3C1.1 is misplaced. The court stated explicitly at sentencing that the evidence was "clear" that Goodspeed had willfully obstructed justice. Application note 2, which requires the court to evaluate Goodspeed's testimony and statements "in a light most favorable to the defendant," applies only to "conflicts about which the judge, after weighing the evidence, has no firm conviction." S ee United States v. Batista-Polanco, 927 F.2d 14, 22 (1st Cir. 1991) (citation omitted).
 
 CONCLUSION
 
 16
 We hereby grant the government's motion to dispense with oral argument pursuant to Rule 34 of the Federal Rules of Appellate Procedure.
 
 
 17
 The judgment of the district court is affirmed.