**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4199

ENRICO FERRIANTE COTTEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-95-161)

Submitted: March 4, 1997

Decided: March 24, 1997

Before WIDENER, HALL, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Gregory Duke, BLOUNT & DUKE, Greenville, North Carolina,
for Appellant. Janice McKenzie Cole, United States Attorney, Jane H.
Jolly, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Enrico Ferriante Cotten appeals from his conviction and sentence
for conspiracy to possess with intent to distribute and to distribute
cocaine base ("crack") in violation of 21 U.S.C. §§ 841, 846 (1994).
We affirm.

Cotten contends that the evidence at trial showed the existence of
several conspiracies, but the indictment alleged a single conspiracy.
The indictment charged that Cotten conspired with Christopher
Andrew McLachlan, Maurice Johnson, Steve Moodie, DuJuan Mar-
quis Lofton, James Arthur Sutton, and other persons both known and
unknown. In support of his multiple conspiracy theory, Cotten cites
McLachlan's dealings with Andre Johnson and Antonio Reese, begin-
ning in 1987, and his subsequent delegation of the drug sales to Mark
St. Anthony Sinclair and Moodie. Cotten also cites McLachlan's testi-
mony that he did not deal with Cotten in 1992, Sinclair's statement
that Cotten was involved in dealing drugs with him in 1992, and
Moodie's statement that he did not meet Cotten until 1994. Cotten
points to a third conspiracy evidenced by Maurice Johnson's testi-
mony that he did not know McLachlan, Sinclair, or Moodie, although
he dealt with Cotten until 1994, and Sinclair and McLachlan were not
involved with Cotten after 1992.

Although not all members participated in every facet of the con-
spiracy or knew the full scope and membership of the organization,
the evidence at trial proved the allegations of the indictment that a
single, ongoing conspiracy to supply drugs in the Kinston, North Car-
olina area existed. See United States v. Banks, 10 F.3d 1044, 1054
(4th Cir. 1993) (upholding drug conspiracy conviction on showing of
"loosely-knit association of members" with goal to supply particular
market, even where members did not know all other members);
United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988) (co-
conspirator need not be involved in every aspect of conspiracy). The
evidence at trial showed that McLachlan, Sinclair, and Cotten had an
agreement as early as 1988, when Cotten began selling crack for
McLachlan and--when McLachlan ceased active participa-
tion--indirectly for Sinclair. Although members dropped out of the

2

conspiracy, the conspiracy continued. See United States v. West, 877 F.2d 281, 289 (4th Cir. 1989). As the trial court properly determined, the evidence showed that McLachlan, Sinclair, Anthony Carmichael, and Lee supplied drugs to Cotten, who supplied drugs to Johnson; however, there was one conspiracy because they all were part of an agreement to supply crack to a "particular drug consumption market." See Banks, 10 F.3d at 1054.

Cotten also argues that the trial court erred in refusing his request to instruct the jury on the law of multiple conspiracies. However, a multiple conspiracy instruction is required only if the proof truly shows that more than one conspiracy existed. United States v. Kennedy, 32 F.3d 876, 878 (4th Cir. 1994); United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993). This court will generally defer to the district court's decision to withhold such an instruction because the trial judge is in a better position to evaluate the evidence presented at trial. United States v. Gray, 47 F.3d 1359, 1368 (4th Cir. 1995).

As previously discussed, there was but one conspiracy. Although the conspiracy was loosely-knit and all members did not know each other, they shared the common goal of supplying drugs to the Kinston, North Carolina area. We find that the district court did not abuse its discretion in refusing to give the proposed multiple conspiracies instruction. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992).

Cotten asserts that the sentencing judge failed to make findings of fact as required by Fed. R. Crim. P. 32 after he objected to the probation officer's attribution of more than 1.5 kilograms of crack to him. However, after hearing evidence presented on the amounts of crack that Cotten purchased and sold, the court stated: "I think the probation officer has got it right. There's more than enough there that enough crack cocaine involved and I so find." Because the district court judge heard the evidence and then expressed his agreement with the recommendation in the presentence report, we find that the district court made an independent determination of the amount of crack attributable to Cotten. United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991) (adoption of facts in presentence report sufficient if judge states that his independent determination of the fact coincides with presentence report). Further, we find that the quantity of drugs attributable

3

to Cotten was not clearly erroneous. See United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991).

Cotten contends that the sentencing court erred by not making the requisite factual findings to enhance his sentence for possessing a firearm pursuant to USSG § 2D1.1(b)(1)* and for his role as a supervisor or manager pursuant to USSG § 3B1.1(c). With regard to the possession of a firearm, the sentencing court stated: "I think the probation officer got it right, unless you want to put on some evidence." As to Cotten's role as a manager or supervisor, the court stated: "I think the probation officer has properly analyzed it under the law, and I so find and agree with him. He's right." We find that these findings, like the finding as to the amount of crack attributable to Cotten, are adequate under Rule 32. See Morgan, 942 F.2d at 245.

Cotten additionally challenges the sufficiency of the evidence in support of the sentencing court's conclusions that Cotten used and possessed a firearm or that he exercised a supervisory or managerial role in the offense.

Cotten cites "contradictory" evidence from the trial, noting that McLachlan testified that Cotten used a .38 caliber pistol during a dispute over a drug debt, but Maurice Johnson testified that he never saw Cotten carry a gun. We find that the sentencing court did not err in crediting McLachlan's testimony that he saw Cotten brandish a gun, rather than determining that Cotten did not carry a gun because one co-conspirator never saw it. We further find that the two-level enhancement was proper because the gun was connected to the offense.

We also find that the two-level enhancement for Cotten's status as an organizer, leader, manager, or supervisor of the offense was not clearly erroneous. See United States v. Powell , 886 F.2d 81, 85 (4th Cir. 1989). Sutton and Lofton provided statements to the probation officer that they both made trips to New York to obtain crack for Cotten. Sutton reported that Cotten paid his expenses and provided some crack in payment. Lofton also reported that he distributed crack for

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

4

Cotten in 1994. We find that based on these statements, the district court did not clearly err in finding that Cotten exercised authority over these two individuals and in enhancing his sentence under USSG § 3B1.1(c). See United States v. Veilleuz, 949 F.2d 522, 525 (1st Cir. 1991); United States v. Smith, 914 F.2d 565, 569-70 (4th Cir. 1990).

In conclusion, we affirm Cotten's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5