**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 93-1812

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE WESLEY GROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

(July 11, 1994)
_____

Before GOLDBERG, KING, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Convicted on a guilty plea of wire fraud and aiding and abetting,[1] Defendant-Appellant Wayne Wesley Gross challenges the district court's calculation of his sentence under the Sentencing Guidelines, alleging that, because he was the only criminally culpable person involved in the offense, the district court erroneously assessed a four-level increase in his offense level,

_____

[1] 18 U.S.C. §§1343, 2.

pursuant to U.S.S.G. §3B1.1(a), for his role as an organizer or leader of a criminal activity. As we agree with Gross, we reverse and remand for resentencing.

I

FACTS AND PROCEEDINGS

Acting alone from March 1, 1988 through January 25, 1991, Gross used his companies, Resolve Technology Corporation and Continuing Technology Group, to defraud sellers of computer equipment. Gross devised a scheme in which Resolve Technology Corporation entered into purchase agreements with entities that desired to sell used computer equipment. The sellers would ship their computer hardware to Resolve in exchange for Resolve's promise to resell the equipment to other purchasers. Once he received payment on the equipment from such purchasers, however, Gross consistently "neglected" to forward to the sellers their shares of the proceeds.

Whatever good faith intentions Gross may have originally had to remit funds to the sellers, it is clear that at some point he began receiving computer equipment knowing full well that he would never pay the seller the contract price. As the scheme unraveled and sellers began to press Resolve for payment, Resolve filed for bankruptcy. Gross then activated a shell corporation, Continuing Technology Group, and resumed the fraudulent scheme. Gross finally brought the swindle to a halt on January 25, 1991.

In February 1993, Gross was formally charged in a 17-count indictment. Pursuant to a plea agreement, Gross pleaded guilty to

one count of wire fraud and aiding and abetting in exchange for dismissal of the remaining sixteen counts.

The presentence report (PSR) recommended a four-level increase in Gross' offense level pursuant to U.S.S.G. §3B1.1(a). Gross contends that in applying the Sentencing Guidelines the district court erred when it assessed a four-level increase in his offense level under U.S.S.G. §3B1.1(a). That section provides

> [i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

The PSR's recommendation was made on grounds that Gross had a total of nine employees over a two-year period,[2] and that "the criminal activity was otherwise extensive in light of the amount of loss, the number of victims, and the fact that the scheme took place over a course of almost three years."[3]

Gross objected to the PSR, asserting that a §3B1.1 adjustment for criminal activity that is "otherwise extensive," cannot be applied to a defendant who acted alone. He contends that to be subject to the four-level increase he must have acted in concert with at least one other criminally responsible person. Even though the government agreed with this contention, the district court nevertheless found the enhancement appropriate.

Like the PSR, the district court justified the enhancement on two alternative grounds. First, the court found that the criminal

---

[2]None of the nine employees, however, was criminally involved in Gross' scheme.

[3]PSR ¶ 28.

3

activities were "otherwise extensive" under §3B1.1(a) due to the amount of money lost, the number of victims, the interstate character of the scheme, and the fact that Gross used corporate forms to carry out the fraud. Alternatively, the court determined that even if this circuit should require the involvement of another criminally responsible person for the adjustment to apply, such requirement was satisfied here by the two corporations which Gross used to defraud sellers of computer equipment, even though "neither of [the corporations] was charged or convicted in this crime." On those alternative grounds, the district court increased Gross' offense level by four as recommended by the PSR. The court sentenced Gross to a thirty-month prison term and ordered him to pay $695,950 in restitution. Gross timely appealed.

## II

## ANALYSIS

As noted, Gross contests the application of the aggravating role adjustment of U.S.S.G. §3B1.1(a) because his offense was committed by only one criminally responsible person))himself. We review a sentencing court's application of the Guidelines de novo.[4]

A.    "Otherwise Extensive"

Section §3B1.1(a) directs the sentencing court to increase a defendant's offense level by four "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The language of §3B1.1(a) does not specifically inform whether the involvement of

---

[4]United States v. Brown, 7 F.3d 1155, 1159 (5th Cir. 1993).

another participant, i.e., another criminally responsible person,[5] is essential to the adjustment under the "otherwise extensive" prong.  But the commentary accompanying this section))by which we are bound[6]))makes clear that the adjustment only applies if an

---

[5]Neither does <u>United States v. Mejia-Orosco</u> inform whether the involvement of another <u>criminally</u> responsible participant is essential to the adjustment under the "otherwise extensive" prong.  867 F.2d 216 (5th Cir.), <u>cert. denied</u>, 492 U.S. 924, 109 S. Ct. 3257, 106 L. Ed. 2d 602 (1989).  In <u>Mejia-Orosco</u>, the defendant challenged the district court's finding that he was a manager, supervisor, organizer, or leader of a criminal activity.  A panel of this court held that the introductory statement to §3B1.1 "clearly indicates that there must be more than one participant involved in the criminal activity for this section to apply," but stated that "<u>managerial status</u> may attach by the orchestration of unwitting or duped participants, as well as through the leadership of criminally responsible participants." <u>Id.</u> at 220.  The relevant commentary, application note 3, provides that

> [i]n assessing whether an organization is "otherwise extensive," all persons involved during the course of the entire offense are to be considered.  Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.

The court determined that the persons who had facilitated the crime in that case either were criminally culpable themselves, or if not, application note 3 to the commentary allows consideration of unwitting participants))as long as the participants were involved in the commission of the crime.  The portion of the commentary relied on in <u>Mejia-Orosco</u> does not signify that a defendant's sentence can be enhanced when there are no other criminally responsible participants.  <u>Mejia-Orosco</u> simply informs which individuals may be considered as persons <u>supervised</u> to find that a defendant is a manager, supervisor, and so on:  A wholly innocent additional person may add to the count of persons supervised in determining whether the offense is "otherwise extensive."  As the commentary to §3B1.1 and this opinion make clear, however, a wholly innocent additional person can never supply the requisite second "participant" under §3B1.1.

[6]<u>Stinson v. United States</u>, ___ U.S. ___, 113 S. Ct. 1913, 1915, 123 L. Ed. 2d 598, 603 (1993) (holding that commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline").

offense was committed by more than one criminally responsible person.

The introductory commentary to section 3B1.1 states that

[w]hen an offense is committed by more than one participant, §3B1.1 or §3B1.2 (or neither) may apply. Section 3B1.3 may apply to offenses committed by any number of participants.[7]

Application note 1 of the commentary then limits the definition of "participant" to a person who is

criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense . . . is not a participant.[8]

Taken together, these two provisions demonstrate that the Sentencing Commission intended for §3B1.1 to be applied only if a defendant was an organizer or leader of at least one other person who was criminally culpable in, though not necessarily convicted for, the endeavor.[9]

Effective November 1, 1993, the commentary to this section of the Guidelines was amended to state expressly what we hold today, i.e., that

[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.[10]

---

[7]Emphasis added.

[8]Emphasis added.

[9]U.S.S.G. App. C ¶414 ("This amendment clarifies the operation of this guideline in accord with the holding in United States v. Carroll, 893 F.2d 1502 (6th Cir. 1990)" (holding that to apply §3B1.1, court must find that there were at least two participants involved in committing the crime).

[10]U.S.S.G. §3B1.1, comment. (n.2.)

Although this amendment did not take effect until after Gross was sentenced, we may consider a post-sentencing amendment if it is intended to clarify application of a guideline which "was not intended to make any substantive changes to it or its commentary . . . even though it was not in effect at the time of the commission of the offense."[11] The Sentencing Commission has by this amendment clarified that §3B1.1 requires the participation of more than one culpable person.[12]

Every other circuit court that has addressed this question has held that §3B1.1 requires the participation of more than one criminally responsible person.[13] Today we join the circuits that

---

[11]United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 1096, 127 L. Ed. 2d 409 (1994) and ___ U.S. ___, 114 S. Ct. 1552, 128 L. Ed. 2d 201 (1994); United States v. Evbuomwan, 992 F.2d 70, 74 n.1 (5th Cir. 1993).

[12]U.S.S.G. App. C ¶500 ("This amendment clarifies the operation of this section to resolve a split among the courts of appeal.").

[13]United States v. Veilleux, 949 F.2d 522, 524 (1st Cir. 1991) (holding that to apply §3B1.1, court must find that there were at least two participants involved in committing the crime); United States v. Katora, 981 F.2d 1398, 1403 (3d Cir. 1992) (requiring the participation of multiple, criminally culpable persons under §3B1.1); United States v. Carroll, 893 F.2d 1502, 1507-09 (6th Cir. 1990) (same); United States v. Anderson, 942 F.2d 606, 614-16 (9th Cir. 1991) (en banc) (same); United States v. DeCicco, 899 F.2d 1531, 1535-37 (7th Cir. 1990) (holding that §3B1.1 applies only under circumstances in which the offender organizes or leads criminally responsible individuals); United States v. Bauer, 995 F.2d 182, 183 (10th Cir. 1993) ("All of the roles defined by §3B1.1 require the involvement of more than one participant."). See also United States v. Speenburgh, 990 F.2d 72, 74-76 (2d Cir. 1993) (holding that another criminally responsible participant is necessary for downward adjustment under U.S.S.G. §3B1.2).

7

have decided this issue and require at least two "participants" under §3B1.1(a), i.e., at least two criminally culpable persons. And we add that the express language of the commentary allows a court to count a person as a "participant" even if such person has not been convicted.

B.    Corporation as "Participant"?

The question remains, however, whether a defendant's corporation may be considered a "participant" for purposes of §3B1.1. As noted, the commentary defines "participant" as "a person who is criminally responsible."[14] The district court held that Gross' two corporations "probably qualify as participants even though neither of them was charged or convicted in this crime."

In Chapter 8 of the Guidelines, which details the criminal responsibility of organizations, the commentary defines an organization as "a person other than an individual," and lists corporations as a type of organization.[15] The introductory commentary to Chapter 8 notes that generally, under federal criminal law, organizations are vicariously liable for offenses committed by their agents. As a corporation is defined as a person, and such a "person" can be liable for offenses committed by its agents, it is arguable that a corporation could qualify as a participant for purposes of §3B1.1.

But §3B1.1 does not contain a cross-reference to §8A1.1 and its definition of organization, and we have not been shown any

---

[14]U.S.S.G. §3B1.1, comment. (n.1) (emphasis added).

[15]U.S.S.G. §8A1.1, comment. (n.1) (emphasis added).

justification for making such a stretch on our own.  To do so would run contrary to the expressed intent of the Sentencing Commission to provide, under §3B1.1, a range of adjustments "to increase the offense level based upon the size of a criminal organization[, ]i.e., the number of participants in the offense[, ]and the degree to which the defendant was responsible for committing the offense."[16]  To presume that the Sentencing Commission intended to include individuals who happen to commit their crimes utilizing corporations, a more explicit connection between the definition of persons as used in §3B1.1 and how it is used in §8A1.1 would appear to be necessary.[17]  We need not answer today, however, the broad question whether a corporation may ever be used to satisfy the additional participant requirement.  For even if we assume arguendo that a corporation may be used to satisfy the additional participant requirement for purposes of §3B1.1, Gross is the only person))natural or corporate))criminally culpable in this case.

---

[16]U.S.S.G. 3B1.1, comment. (backg'd).

[17]In United States v. Katora, the Third Circuit rejected the argument that use of corporate forms warranted an application of §3B1.1.  981 F.2d 1398, 1404 (3d Cir. 1992).  In that case, the court did not address §8A1.1.  Instead the court relied on a prior decision by that court, United States v. Fuentes, in which that circuit determined that management of "real property" would not suffice for a §3B1.1 enhancement.  954 F.2d 151, 154 (3rd Cir.), cert. denied, ___ U.S. ___, 112 S. Ct. 2950, 119 L. Ed. 2d 573 (1992); accord U.S.S.G. App. C. ¶500; cf. United States v. Chambers, 985 F.2d 1263, 1268 (4th Cir.), cert. denied, ___ U.S. ___, 114 S. Ct. 107, 126 L. Ed. 2d 73 (1993) (holding that one who manages property without supervising people can be a "manager" within the meaning of §3B1.1(b)").)  In Katora, the Third Circuit determined that §3B1.1 would similarly not apply to defendants whose only criminal cohorts are corporate entities. 981 F.2d at 1404.

Each corporation is merely an alter ego of Gross. He is the sole shareholder, sole officer, and sole director of each of his corporations. On these facts, Gross' two alter ego corporations may not be used to assess a four-level increase in Gross' offense level: Here the only criminally responsible <u>agent</u> of the corporation was the defendant, Gross. We cannot bootstrap the existence of a second participant by counting the first participant's alter ego corporation when he is the sole "agent" whose acts can make the corporation vicariously responsible under §8A1.1. To do so under the instant facts would be to whipsaw the defendant with a classic vicious circle.

### III

### CONCLUSION

Section 3B1.1 does not apply to a defendant who is the sole criminal participant in the commission of an offense; there must be at least one more "person" who (or which) is criminally responsible, albeit not necessarily convicted. Moreover, a defendant's wholly owned and solely orchestrated alter ego corporation may not be counted as an additional "participant" under that section. For the foregoing reasons, the sentence of Wesley Wayne Gross is REVERSED, and the case REMANDED for resentencing.