**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-40824**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RAYFORD HARPER, also known as Earl Lacy,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(USDC No. 6:96-CR-16-2)**
_____

January 12, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Rayford Harper pleaded guilty to possession with intent to distribute cocaine base, also known as crack. He appeals his sentence, contending that the district court erred by (1) holding him accountable for more than 450 grams of cocaine base; (2) enhancing his sentence (two levels) for possession of firearms in connection with a drug offense; (3) enhancing his sentence (four levels) for being an organizer or leader of a criminal activity

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that involved five or more participants; and (4) enhancing his sentence (two levels) for obstruction of justice.

Needless to say, we review the sentencing court's factual findings for clear error. *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). The district court did not clearly err by sentencing Harper based on the quantity of drugs established in the presentence report. *See United States v. Mergerson*, 4 F.3d 337, 345 (5th Cir. 1993), *cert. denied*, 510 U.S. 1198 (1994); *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990) (holding that the sentencing court is free to adopt the findings in the PSR, without further inquiry, if the defendant offers no relevant affidavits or other evidence in rebuttal).

Nor did the district court commit reversible error in enhancing Harper's sentence for possession of firearms in connection with a drug offense. Harper was sentenced to the statutory maximum of 240 months' imprisonment; accordingly, finding error and imposing a two-level reduction would place him in a sentencing guideline range of 262 to 327 months, still well in excess of the sentence received. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. sentencing table. Accordingly, any error in this aspect of the sentence was harmless. *United States v. Branch*, 91 F.3d 699, 743 (5th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1467 (1997).

Next, the district court did not clearly err in enhancing Harper's sentence for his role in the offense. Harper's contention concerning this extensive criminal activity is without merit; he admits that, arguably, he could be held responsible for leading or organizing two of his co-defendants. *See* **United States v. Gross**, 26 F.3d 552, 555 (5th Cir. 1994) (defendant need only direct the activity of one other criminally responsible participant for U.S.S.G. § 3B1.1 enhancement to apply).

Finally, the district court did not clearly err in enhancing Harper's sentence for obstruction of justice in regard to the assault on, and threats against, a confidential informant. *See* **United States v. Laury**, 985 F.2d 1293, 1308 (5th Cir. 1993); U.S.S.G. § 3C1.1, cmt. 3(a).

**AFFIRMED**

3