IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20494
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK ALBERT MALOOF,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-93-1
--------------------
December 14, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Mark Albert Maloof appeals the sentence he received after
his case was remanded for resentencing.  He avers that the
district court erred in finding that he was a leader or organizer
of a criminal activity that involved more than five participants,
pursuant to U.S.S.G. § 3B1.1(a).

     A defendant's base offense level may be increased four
levels if he was an organizer or leader of a criminal activity
involving five or more participants.  U.S.S.G. § 3B1.1(a).  A
§ 3B1.1 adjustment is proper only if the defendant was an

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

organizer, leader, manager, or supervisor "of at least one other person who was criminally culpable in, though not necessarily convicted for, the endeavor." United States v. Gross, 26 F.3d 552, 555 (5th Cir. 1994); see U.S.S.G. § 3B1.1, comment. (n.2). It is not necessary for the defendant to have personally led all five participants in the criminal activity to warrant the leadership adjustment; personally leading at least one participant is sufficient. United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994).

Maloof does not contest the district court's factual determination that the criminal activity involved at least five criminally responsible participants and that he personally led one of the participants. Rather, he avers that under U.S.S.G. § 3B1.1(a), the district court was required to find that he organized or led at least five other participants.

Maloof concedes that his argument is foreclosed by this court's decision in Okoli but states that he wishes to preserve the issue for possible en banc or Supreme Court review. Okoli is binding on the panel considering this appeal. In re Dyke, 943 F.2d 1435, 1441-42 (5th Cir. 1991).

Because the district court did not err in finding that Maloof was a leader or organizer of a criminal activity that involved five or more participants, this court declines to address Maloof's alternative argument that the district court erred in finding that the criminal activity was "otherwise extensive" when neither the district court nor the presentence report put him on notice that the district court was

contemplating an upward adjustment on that basis.  The judgment of the district court is affirmed.

AFFIRMED.