**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis D. MCLAIN, Defendant–
Appellant.**

No. 02–1516.

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.[*]

Dennis D. McLain, proceeding pro se, appeals a district court judgment denying his motion for the reduction of his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted McLain of mail fraud in violation of 18 U.S.C. § 1341, theft of a pension fund in violation of 18 U.S.C. § 664, money laundering in violation of 18 U.S.C. § 1956, and conspiracy to commit each of these offenses in violation of 18 U.S.C. § 371. He was sentenced to a total of 97 months of imprisonment. A panel of this court affirmed McLain's convictions and sentence on appeal. *See United States v. Smigiel*, Nos. 97–1571, 1999 WL 196575 (6th Cir. Mar.29, 1999).

In his motion for reduction of sentence, McLain argued that his sentence should be reduced pursuant to Amendment 634 of the Sentencing Guidelines, which took effect in November 2001. Amendment 634 created a new method for determining the base offense level in money laundering cases. Upon review, the district court concluded that the amendment was not retroactive, and that the amendment was "substantive," not merely "clarifying." Hence, the court denied McLain's motion for a reduction of his sentence. McLain has filed a timely appeal, essentially reasserting his argument that he is entitled to a sentence reduction.

Upon review, we conclude that the district court properly denied McLain's motion for a reduction of his sentence. This court reviews a district court's denial of a motion filed under § 3582 for an abuse of discretion. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997). Here, Amendment 634 is not on the list of amendments found at USSG § 1B1.10(c) which are to be given retroactive effect. This court has held that an amendment specifically listed in USSG § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively. *United States v. Dullen*, 15 F.3d 68, 70–71 (6th Cir.1994). Other circuits have likewise concluded that an amendment not listed in § 1B1.10(c) cannot be applied retroactively. *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir.1995); *United States v. Camacho*, 40 F.3d 349, 354 (11th Cir.

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting.by designation.

1994); *United States v. Cueto*, 9 F.3d 1438, 1440–41 (9th Cir.1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir.1993); *United States v. Dowty*, 996 F.2d 937, 938–39 (8th Cir.1993); *United States v. Rodriguez*, 989 F.2d 583, 587–88 (2d Cir.1993); *but see United States v. Gross*, 26 F.3d 552, 554–55 (5th Cir.1994) (court concluded that it could consider Amendment 500 because it clarified the guideline, as opposed to making a substantive change). Under the controlling case law, Amendment 634 may not be applied retroactively to McLain's case, because it is not contained on the § 1B1.10(c) list of amendments that are to be applied retroactively.

The district court also properly rejected McLain's argument that Amendment 634 could be applied retroactively because it was merely a "clarifying" amendment. Although this court does not appear to have ruled on this matter, several circuits have concluded that Amendment 634 effects a substantive change to the guidelines. *United States v. Descent*, 292 F.3d 703, 708–09 (11th Cir.2002); *United States v. King*, 280 F.3d 886, 891 (8th Cir.2002); *United States v. McIntosh*, 280 F.3d 479, 485 (5th Cir.2002); *United States v. Sabbeth*, 277 F.3d 94, 96–99 (2d Cir.2002). Hence, the amendment cannot be applied to McLain's case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.