United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 03-40421
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERVIN GIDDINGS, also known as Big E; ROBERT EARL
EDWARDS; LARRY MCKINNEY,

Defendants-Appellants.

Appeals from the United States District Court
For the Southern District of Texas
L-01-CR-1174-12

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:[*]

Appellants, Ervin Giddings, Robert Earl Edwards, and Larry McKinney, challenge their

convictions stemming from involvement with a wide-ranging drug distribution conspiracy. Edwards,

Giddings, and McKinney were each convicted of conspiracy to possess more than 1000 kilograms

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of marijuana with intent to distribute. 21 U.S.C. §§ 846, 841(a), 841(b)(1)(A). Edwards and Giddings were convicted of aiding and abetting the possession of more than 100 kilograms of marijuana with intent to distribute. 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 18 U.S.C. § 2. Edwards was convicted of conspiracy to launder money. 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h).

All three Appellants challenge the sufficiency of the evidence used for their convictions. "The standard for evaluating the sufficiency of the evidence is whether a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense beyond a reasonable doubt." *United States v. Rivera*, 295 F.3d 461, 466 (5th Cir. 2002). In reviewing a sufficiency of the evidence claim, all reasonable inferences are drawn in favor of the jury's verdict. *Id.* We review a district court's denial of a motion of acquittal *de novo*. *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).

"To prove a drug conspiracy, the government must establish (1) the existence of an agreement between two or more persons to violate federal narcotics laws; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement." *United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001) (quotation omitted). There was sufficient evidence for a rational jury to convict all three defendants of drug conspiracy.

Evidence at trial clearly connected Edwards to the Oziel Garcia drug ring. Vasquez, the Government's confidential witness, testified as to Edwards' direct involvement in arranging the transportation of marijuana. In numerous taped conversations Vasquez and Edwards discussed the transportation of marijuana. Additionally, Edwards employed or introduced to Vasquez numerous drivers, including Giddings and McKinney, whose loads of marijuana were seized. Edwards also spoke on the phone and exchanged monies with Oziel Garcia and Garcia's associates. This evidence

reveals a concert of action that rises above mere association. *DeLeon*, 247 F.3d at 596. There was sufficient evidence of drug conspiracy. The evidence at trial was also sufficient to convict Edwards of aiding and abetting possession with intent to distribute. *United States v. Delgado*, 256 F.3d 264, 274-75 (5th Cir. 2001).

There was also sufficient evidence to convict Giddings of drug conspiracy. Officers arrested Giddings after discovering hundreds of pounds of marijuana in his tractor-trailer. Giddings claims no knowledge of the narcotics, yet he cannot explain why he made an unscheduled stop at a warehouse, a practice forbidden by his trucking contract, and allowed individuals to load an unknown product on his rig. Additionally, Edwards gave Giddings' pager number to Vasquez when Vasquez indicated he needed a trucker to transport a shipment of marijuana. There was sufficient evidence of Giddings' knowledge of and voluntary participation in the drug conspiracy to allow a reasonable jury could convict. For the same reasons, the evidence was sufficient to convict Giddings of aiding and abetting possession with intent to distribute. *Delgado*, 256 F.3d at 274-75.

The evidence was also sufficient to convict McKinney of drug conspiracy. Vasquez testified that McKinney was in Laredo to transport marijuana. In addition, during taped conversations Jesus Chavez-Lopez, one of Oziel Garcia's inner-circle, indicated to Vasquez that he had worked with McKinney before and that McKinney had done a poor job of delivering the marijuana. A coconspirator's statement can be sufficient to convict. *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003). Based on testimony from Vasquez, taped discussion between Vasquez and Chavez-Lopez, McKinney's admission that he knew he was transporting something illegal, and McKinney's Laredo-based meetings with Vasquez, the evidence was sufficient for a reasonable jury to convict McKinney of drug conspiracy.

Edwards asserts the evidence was insufficient to support his conviction for conspiracy to launder money. "To prove conspiracy to launder money under 18 U.S.C. § 1956(h), the government must establish '(1) that there was an agreement between two or more persons to commit money laundering, and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose.'" *United States v. Virgen-Moreno*, 265 F.3d 276, 284 (5th Cir. 2001) (quoting *United States v. Meshack*, 225 F.3d 556, 573-74 (5th Cir. 2000)). Evidence at trial established that Edwards, via his drivers, sent proceeds from drugs sales to Garcia. Additionally, Vasquez testified that he sent money to Edwards on behalf of Oziel Garcia. Vasquez also testified that all monies from Garcia were the product of the drug trade. "Once the government presents evidence of a conspiracy, it only needs to produce slight evidence to connect an individual to the conspiracy." *Virgen-Moreno*, 265 F.3d at 285. In this case, there was evidence that Edwards sent cash to Garcia and received wire transfers from Laredo, Garcia's home base. Based on this evidence, a rational jury could convict.

McKinney argues that the district court erred in admitting Vasquez's tape-recorded conversations. Statements offered against a party that were made by a coconspirator of the party during the course and in furtherance of the conspiracy are not hearsay and are admissible. FED. R. EVID. 801(d)(2)(E); *United States v. Mendoza-Medina*, 346 F.3d 121, 130 (5th Cir. 2003). "Under Rule 801(d)(2)(E), the proponent of admittance must prove by a preponderance of the evidence (1) the existence of a conspiracy, (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Cornett*, 195 F.3d 776, 782 (5th Cir. 1999). We review a district court's admission of 801(d)(2)(E) testimony for abuse of discretion. *Id.*

The district court did not abuse its discretion in admitting the taped conversations. Evidence established that McKinney was a member of the conspiracy. McKinney claims that he withdrew from the conspiracy by drinking heavily. This argument is meritless. "A defendant is presumed to continue in a conspiracy unless he makes a *substantial affirmative showing* of withdrawal, abandonment, or defeat of the conspiratorial purpose." *United States v. Torres*, 114 F.3d 520, 525 (5th Cir. 1997) (emphasis added). McKinney's voluntary intoxication would not appear "inconsistent with the conspiracy and . . . communicated in a manner reasonably calculated to reach his coconspirators." *Id*. McKinney also contends that the taped conversation between Chavez-Lopez and Vasquez constituted only idle chatter. *See Cornett*, 195 F.3d at 782. However, Chavez-Lopez and Vasquez's discussion of McKinney's spotty record for transporting marijuana occurred within the context of deciding whether to trust him with another load. Clearly, this discussion was in furtherance of the conspiracy. The Rule 801(d)(2)(E) factors were established by a preponderance of the evidence and the district court did not abuse its discretion in admitting the taped conversations.

Edwards argues that the district court improperly applied a leadership role enhancement. The district court applied a two-level enhancement concluding that Edwards was an "organizer, leader, manager, or supervisor" of the criminal activity. *See* U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(c) (2002); *see also United States v. Gross*, 26 F.3d 552, 555 (5th Cir. 1994). The district court found that Edwards, while not the ringleader, was "the organizer at the other end . . . the guy that was in charge of arranging the drivers." We review the district court's factual finding for clear error. *United States v. Ronning*, 47 F.3d 710, 711 (5th Cir. 1995). The district court's finding is plausible in light of the record as a whole. Evidence established that Edwards, at the behest of Vasquez and Garcia, sent McKinney to transport marijuana. Additionally, Edwards provided

Vasquez with Ervin Giddings' pager number so as to contact him to arrange transportation of marijuana. The reco rd supports the conclusion that Edwards "managed" many of the drivers that transported marijuana. The district court's two-level enhancement for a leadership role was not erroneous. *See Turner*, 319 F.3d at 725.

The district court also applied a two-level enhancement for obstruction of justice. *See* U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2002). The district court concluded that Edwards perjured himself by concocting detailed lies about his (lack of) knowledge of and involvement in the drug conspiracy. Edwards argues that the district court improperly enhanced his sentence because his trial testimony was not wilfully false. We review the district court's factual finding that Edwards committed perjury for clear error. *United States v. Adam*, 296 F.3d 327, 334 (5th Cir. 2002).

Perjury is grounds for a two-level obstruction of justice enhancement. *Adam*, 296 F.3d at 334-35. "A witness testifying under oath or affirmation [commits perjury] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). At sentencing, the district court stated:

> And I think there's no question, at least in my mind, and in the minds of the jurors, that this tale you wove at trial, under oath, was materially false. You think it was true, but it wasn't. And the whole – it was – I think the prosecution has it right, it was not only just "I didn't do it," but you kind of spun this whole tale of stuff that was not true at all.

Edwards contends that the district court's statement "[y]ou think it was true, but it wasn't" necessarily disproves that he wilfully intended to provide false testimony. The context of the court's statement, however, evinces that the court concluded Edwards intentionally lied about his

-6-

involvement in and knowledge of the drug conspiracy. *See United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995) ("A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."). Based on the evidence in the record, the district court's conclusion was not clearly erroneous.

Edwards argues that the district court erred in failing to sever his trial from that of his co-defendants, McKinney and Giddings. Edwards waived this argument by failing to move for severance before the district court. *United States v. Mann*, 161 F.3d 840, 861-62 (5th Cir. 1998); *United States v. Tolliver*, 61 F.3d 1189, 1199 (5th Cir. 1995), *vacated and remanded on other grounds sub nom. Sterling v. United States*, 516 U.S. 1105 (1996). Even assuming *arguendo* that he properly raised the argument, Edwards cannot establish prejudice. *Zafiro v. United States*, 506 U.S. 534, 537-39 (1993); *United States v. Walters*, 87 F.3d 663, 670 (5th Cir. 1996).

Finally, Edwards and Giddings submitted supplemental briefs asserting that their sentences were unlawful under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004). This Court has concluded that *Blakely* does not apply to the federal Sentencing Guidelines. *United States v. Pineiro*, ___ F.3d ___, 2004 WL 1543170 at *9 (5th Cir. July 12, 2004). Unless the Supreme Court offers intervening authority, we are bound by the ruling of a prior panel. *Wilson v. Taylor*, 658 F.2d 1021, 1034 (5th Cir. 1981).

AFFIRMED.