United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50474
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FERMIN MENDEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-1961-1-DB
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Fermin Mendez appeals the 65-month concurrent sentences imposed by the district court after his guilty-plea convictions for conspiracy to import marijuana; importation of marijuana; conspiracy to possess with intent to distribute marijuana; and possession with intent to distribute marijuana.  See 21 U.S.C. §§ 841, 846, 952, 960, 963.  Mendez argues that the district court erred in applying a U.S.S.G. § 3B1.1(c) enhancement to his sentence based upon his management of a person who was not a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowing participant in the offense.  He also argues for the first time on appeal that his sentence violates <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).  He concedes that his <u>Blakely</u> argument is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 473 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), but states that he is raising it to preserve it for possible Supreme Court review

The Sentencing Guidelines provide for a two-level upward adjustment to a defendant's offense level if he is a manager of criminal activity involving fewer than five participants or the offense is not otherwise extensive.  <u>See</u> U.S.S.G. § 3B1.1(c). The commentary to U.S.S.G. § 3B1.1 provides that a "'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."  U.S.S.G. § 3B1.1 comment. (n.1).  The commentary further provides that to qualify for an adjustment under U.S.S.G. § 3B1.1, the defendant must have been the manager of one or more participants.  <u>Id</u>. at comment. (n.2.); <u>see</u> <u>also</u> <u>United States v. Gross</u>, 26 F.3d 552, 555 (5th Cir. 1994).  We review the district court's interpretation and application of U.S.S.G. § 3B1.1 de novo and its underlying factual findings for clear error.  <u>Pineiro</u>, 377 F.3d at 474.

Mendez and Erin Kay Montoya were charged with the above-noted counts.  While Mendez pleaded guilty to the counts, Montoya asserted that she had been duped by Mendez into bringing marijuana from Mexico into the United States, and she pleaded

guilty to misprision of a felony. The presentence report ("PSR") recounted Montoya's version of the events and recommended enhancing Mendez's base offense level under U.S.S.G. § 3B1.1(c) because Mendez was the manager of the criminal activity. Mendez objected to the U.S.S.G. § 3B1.1 enhancement in part because Montoya denied having any knowing involvement in the criminal activity.

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), the court must rule on any disputed portion of the PSR or other controverted matter or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. We cannot discern any express or implicit resolution by the district court of the issue whether Montoya was a "participant" in the criminal activity within the meaning of U.S.S.G. § 3B1.1. In addition, the PSR does not indicate that Montoya was criminally responsible for the offenses to which Mendez pleaded guilty. Accordingly, we VACATE Mendez's sentences and REMAND to the district court for a resolution of this disputed issue. See United States v. Maloof, 205 F.3d 819, 823-24 (5th Cir. 2000); United States v. Pofahl, 990 F.2d 1456, 1486 (5th Cir. 1993).

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR RESENTENCING.