United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————

No. 03-40439

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EARL EDWARDS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
L-01-CR-1174-6

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Robert Earl Edwards' ("Edwards") conviction and sentence

for conspiracy to possess more than 1000 kilograms of marijuana with intent to distribute, aiding and

—————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

abetting the possession of more than 100 kilograms of marijuana with intent to distribute, and conspiracy to launder money. *United States v. Giddings*, No. 03-40421, 2004 WL 1814091 (5th Cir. Aug. 16, 2004). He sought ) ) and the Supreme Court granted ) ) a writ of certiorari. The Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Edwards did not raise an objection to the constitutionality of his sentence in the district court, therefore, this court reviews the issue for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.* Edwards fails to demonstrate that the district court would have imposed a lesser sentence had the Guidelines been advisory rather than mandatory. Indeed, while the Guidelines permitted a sentence as low as 188 months, the court sentenced Edwards to 192 months confinement.

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us

to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.