HLD-198     (September 2010)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1748
_____

ROBERT EARL EDWARDS,
                              Appellant,
v.

WARDEN T. R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-02251)
District Judge: Honorable Malcolm Muir
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Opinion filed  November 5, 2010)

_____

OPINION
_____

PER CURIAM.

Appellant Robert Earl Edwards, a federal prisoner, was tried before a jury

in United States District Court for the Southern District of Texas and found guilty of one

count of conspiracy with intent to distribute in excess of 1,000 kilograms of marijuana in

1

violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A); two counts of possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of conspiracy to conduct financial transactions involving dangerous drugs with the intent to promote, conceal, and disguise the proceeds in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), and 1956(h). On March 17, 2003, Edwards was sentenced to a total term of imprisonment of 192 months. On appeal, Edwards argued that the sentencing court improperly applied a two-level adjustment for a leadership role in the criminal activity, and a two-level adjustment for obstruction of justice. The judgment of conviction and sentence was affirmed by the Fifth Circuit Court of Appeals. See United States v. Giddings, 107 Fed. Appx. 420, 424-25 (5th Cir. 2004) (court's two-level enhancement for Edwards' leadership role not erroneous where evidence showed that he "managed" many of the drivers who transported marijuana).

Edwards petitioned the United States Supreme Court for a writ of certiorari, which was granted. On February 28, 2005, the Supreme Court vacated and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005) (Sentencing Guidelines are advisory only). See Edwards v. United States, 543 U.S. 1181 (2005). On remand, the Fifth Circuit reinstated its judgment affirming the conviction and sentence. Reviewing for plain error because Edwards did not raise an objection to the constitutionality of his sentence before the sentencing court, the Fifth Circuit held that

2

Edwards failed to show that the sentencing court would have reached a different result under an advisory rather than a mandatory scheme. "Indeed, while the Guidelines permitted a sentence as low as 188 months, the court sentenced Edwards to 192 months confinement." United States v. Edwards, 132 Fed. Appx. 535, 536 (5th Cir. 2005).

On June 26, 2006, Edwards filed a motion to vacate sentence under 28 U.S.C. § 2255. The sentencing court denied the motion and declined to issue a certificate of appealability. Although the Fifth Circuit granted Edwards a certificate of appealability on the issue whether the trial court improperly commented on the evidence during jury instructions, and whether Edwards' trial counsel was ineffective in failing to object to those comments, ultimately the court affirmed the order denying Edwards' section 2255 motion. See United States v. Edwards, 280 Fed. Appx. 409, 421 (5th Cir. 2008) (trial court's instructions to jury did not amount to improper comment on disputed facts). Edwards filed a petition for writ of certiorari in the United States Supreme Court, which was denied on April 28, 2009.

On November 16, 2009, Edwards filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in United States District Court for the Middle District of Pennsylvania, the district where he presently is confined. Edwards claimed that the enhancement he received for his leadership role violates his constitutional rights because he was never indicted for a leadership role in the criminal activity, and the jury did not find beyond a reasonable doubt that he had a leadership role in it. Edwards sought to have his sentence

reduced by 5 years and 11 months. In an order entered on March 3, 2010, the District Court dismissed the habeas corpus petition for lack of jurisdiction.

Edwards appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. As explained by the District Court, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Edwards is prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his Apprendi claim, see Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)

4

(holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), in a second or successive section 2255 motion.[1]  "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986). Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, see In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). In Dorsainvil, we held that a petitioner could seek relief under 28 U.S.C. § 2241, but the circumstances here are different. Apprendi did not declare certain conduct not criminal that previously was regarded as criminal, and thus Dorsainvil does not apply. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal). As such, the

---

[1]  Section 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

District Court was without jurisdiction to entertain Edwards' federal habeas corpus petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Edwards' habeas corpus petition for lack of jurisdiction.